FILED
UNITED STATES DISTRICT COURT CLERKS OFFICE
FOR THE DISTRICT OF MASSACHUSSETS

2014 JAN -7  A  9: 50
Case No. _____

U.S. DISTRICT COURT
DISTRICT OF MASS.

Mr. Naeem Ahmed

Complaint

                                    Plaintiff

V.

1. **TWITTER, Inc.**
   1355 Market St. Suite # 900,
   San Francisco, CA. 94103
   United State

        And

2. **JOHN DOE**

3. **JOHN DOE**

4. **JOHN DOE**



                                    Defendants


Mr. Naeem Ahmed (hereinafter referred to as the "Plaintiff"), for her cause of

action herein, states as follows:


## INTRODUCTION

1. That the Plaintiff is filing this suit to protect its established and licensed

   trademark "JANG", "GEO" and "THE NEWS" ("the Impugned Marks")

   in United States, as it has recently come to the notice of the Plaintiff that

   very serious nature of infringements regarding the same trademarks has

   been seen through the www.twitter.com i.e. Defendant No. 1 (the

   "Twitter"), being controlled, hosted and operated by the Defendant No. 1.

   That, the Defendant No. 2, 3 and 4 are the administrators of the Twitter

   Profiles attached in the links below infringing the Impugned Marks

   ("Impugned Profiles"), the same are not only infringing the names of the

   Impugned Marks of the Plaintiff but displaying the Impugned Marks as

display logos of the Impugned Profiles. The links containing the Impugned Profiles are given hereunder;

https://twitter.com/geonews_english

https://twitter.com/geonews_urdu

https://twitter.com/geosuperty

https://twitter.com/AAGTVCHANNEL

https://twitter.com/geokahani

https://twitter.com/Jang_Akhbar

https://twitter.com/thenews_intl

## PARTIES

2. That, the Plaintiff, and at all times relevant hereto, is domiciled in Karachi Pakistan.

3. That the Plaintiff is a law abiding professional.

4. That the Defendant No. 1, and at all times relevant hereto, is a corporation, having its corporate headquarter at San Francisco, California, United States.

5. That the Defendant No. 1 Twitter, Inc., is an online social networking and microblogging service that enables users to send and read "tweets", which are text messages limited to 140 characters. Registered users can read and post tweets, but unregistered users can only read them. Users access Twitter through the website interface, SMS, or mobile device app. Defendant No. 1 exercises full control over the content on its platform i.e. www.twitter.com including Impugned Profiles

6. That the Defendant No. 2 is John Doe and is the infringer of the trademark "THE JANG".

7. That, the Defendant No. 3 is John Doe and is the infringer of the trademark "GEO".

8. That, the Defendant No. 4 is John Doe and is the infringer of the trademark "THE NEWS".

## JURISDICTIONAL STATEMENTS

9. The Court has subject matter Jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and the Defendant No. 1 and the amount in controversy exceeds $75,000 exclusive of costs and interest.

10. That the Jurisdiction over Defendant No. 1 is proper because the Defendant No 1 is involved in the business of electronic commerce/Internet Commerce for hosting and having control over its services being provided in not only United States but all over the globe.

11. The residents of the Massachusetts have access to the infringing Impugned Profiles on the Twitter, same infringing upon the stylized trademark logo of the Plaintiff. The misuse of the trademark belonging to the Plaintiff should be enough to constitute minimum contacts for the purposes of establishing the personal jurisdiction between the Plaintiff and the Defendant No. 1.

12. That the injury and harm to the Plaintiff has occurred in the Massachusetts.

13. That even otherwise the Court has subject matter jurisdiction for the claim being of Trademark infringement.

14. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in the District.

## FACTUAL STATEMENTS

15. That the Plaintiff is the common law and statutory licensee of the Impugned Mark "THE JANG" in US through Trademark Number: 86123767 and licensee of the Impugned Mark "GEO' in United Kingdom through the Trademark Number UK00003031447 and "THE NEWS" in United States through the Trademark Number 86123789 (See Annexure A). The Plaintiff has been using the same logos since 1998 in connection with the news publication; broadcasting; telecommunication; news; entertainment; live shows; comedy in Classes 38 and 41 of the International *Classification* of Goods and Services for the Purposes of the Registration of Marks under the *Nice* Agreement.

16. That, to shock and dismay of the Plaintiff, it has recently disclosed to the Plaintiff that the names of the Impugned Profiles and the Impugned Logos are confusingly similar to the Trademarks of the Plaintiff, and the operator/user/owner/administrator of the Impugned Profiles are using the Trademark names as well as the stylized logos (the 'Impugned Logos' – Annexure B) as their own, without the permission and consent of the Plaintiff.

17. That the Defendant No. 2 is using the Plaintiff's trademark 'THE JANG" and the Defendant No. 3 is using the trademark 'GEO" and the Defendant No. 4 is using the trademark "THE NEWS", in violation of

multiple international conventions, treaties as well as criminal laws and civil laws regarding trademark infringement, counterfeiting, and unfair competition. The owner/operator/user/administrator of the Impugned Profiles has acted *mala fide* and his act of using Plaintiff's trademark in his business and on Impugned Profiles is illegal, unlawful, unauthorized and damaging to the name, business and repute of the Plaintiff.

> [Screenshot containing the evidence of the infringement of the Impugned Trademarks is annexed herein as Annexure - B]

## DEFENDANTS KNOWLEDGE OF THE FALSITY

18. That, the Defendant No. 1 was informed and was sent a notice of trademark infringement by the Impugned Profiles through online complaint forms and also through hard copies, therefore the same was fully aware of the infringement of the Plaintiff's Trademarks.

19. That, it is further added as per the knowledge of the Defendant No. 1 that the defendant has actual knowledge of the website's activities, that Defendant No. 1 knowingly avoided learning the full extent of the infringing activities and deliberately disregarded the notice/notifications of the Plaintiff. Therefore, the Defendant No. 1 knowingly enabled the infringing conduct by allowing the Impugned Profiles and willfully permitting the infringers to display the logo of the Plaintiff as their own, and in consequence the Plaintiff suffered irreparable harm and damage.

20. The Defendant No. 1 had the constructive knowledge of the fact that its user/administrator, Defendant No. 2, 3 and 4, were using its services to directly infringe the Plaintiff's intellectual property rights, and the same 'had reasonable means to withdraw its services so that they could not be

used to directly infringe but continued to provide its services", but deliberately failed to stop the infringement and mitigate the harm to the Plaintiff.

21. That the Plaintiff is continuously suffering loss and harm to its business, repute and the same is continuously imputing the brand identity and saturation of the brand/logos of the Plaintiff, which can cause irreparable loss to the Plaintiff.

22. That, the Defendant No. 1 has even refused to provide the required information regarding the owner/operator/user/administrator of the Impugned Profiles and Impugned logos to the Plaintiff. That shows the obvious *mala fide* on part of the Defendant No. 1 and its willful aid and abetment in the infringements of the intellectual property rights of the Plaintiff by the Defendant No. 2, 3 and 4.

## HARM TO BUSINESS

23. Since the infringements of the trademarks of the Plaintiff, the Plaintiff business has suffered heavy losses due to confusion among the customers of the Plaintiff as many of the customers have been deceived into diversion to the Impugned Profiles.

24. The infringements are causing saturation of the logo and brand of the Plaintiff thus causing irreparable loss to the brand and identity of the Plaintiff's business.

25. That, the continuous infringement of the Plaintiff's Trademarks have caused mental torture, mental agony and stress to the Plaintiff and thus has diminished his working ability.

26. As a direct and proximate result of the actions of the Defendant/s as detailed above, the Plaintiff has suffered irreparable loss and damage to his business and goodwill gained thereby.

27. That the injuries are the natural consequence of, and directly and proximately caused by, the willful and deliberate act of the Defendants.

### FIRST CAUSE OF ACTION- TRADEMARK INFRINGEMENT

28. The Defendants illegal, unauthorized use of the trademark of the Plaintiff is first cause of action against the Defendants.

29. The Plaintiff sent a Trademark infringement notice to the Defendant No. 1 for to Cease and Desist the infringement of the intellectual property rights of the Plaintiff, but the same failed to do so and let the violations continue.

30. That the Plaintiff also filed several online complaints from www.twitter.com, reporting the trademarks infringements but to no avail as the Defendant No. has failed to reply / respond to any of its complaints.

31. That the Defendant has knowledge of the infringement but instead ignored to redress the grievances of the Plaintiff.

32. That, the Defendant No. 1 has even refused to inform infringer or produce its information to the Plaintiff, showing obvious *mala fide*.

### SECOND CAUSE OF ACTION – PUNITIVE DAMAGES

33. That the actions of the Defendants were intentional, mala fide, illegal, unlawful and full with damaging intentions.

34. That the act of infringement has caused loss up to $ 5 Million till the filing of this case and is growing on everyday basis.

WHEREFORE, Plaintiff request that this Court enter judgment against all Defendants, jointly or severally, as follows:

     i.     Damages in the amount of $ 5 Million.

     ii.    Grant an injunction directing the Defendant 1 to remove all the profiles including but not limited to the URL's above from www.twitter.com, for infringing the trademarks of the Plaintiff.

     iii.   Punitive damages and attorney's fees; and

     iv.   Any and all relief to which Plaintiff may appear entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of the Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: 1-6-14

Respectfully submitted

Mr. Naeem Ahmed

## ANNEXURE – A