UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-10025-RGS

NAEEM AHMED

v.

TWITTER, INC. et al.

MEMORANDUM AND ORDER ON
TWITTER' MOTION TO DISMISS

May 16, 2014

STEARNS, D.J.

This action is a chapter in a bizarre dispute over the right to certain trademarks that originate from Pakistan. Plaintiff Naeem Ahmed's Complaint alleges infringement of three marks – the JANG,[1] the GEO,[2] and THE NEWS[3] – by seven Twitter[4] profile pages.[5] These seven pages appear

---

[1] A stylized graphic of the Urdu word for Roznama (daily) Jang.

[2] A square logo with the letters GEO beneath the logo.

[3] An arrangement of the words "THE NEWS INTERNATIONAL" with "INTERNATIONAL" in small type above "THE NEWS."

[4] Twitter is a popular social media and microblogging website.

[5] These are:

twitter.com/geonews_english,
twitter.com/geonews_urdu,
twitter.com/geosupertv,

to be associated with the Jang Group of Newspapers and its parent company, Independent Media Corporation (together the Jang Group). By way of background, the Jang Group is a media conglomerate in Pakistan that has operated for many decades.[6] The Jang Group has published the Daily Jang, a widely circulated Urdu newspaper, *see BP Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270 273 (E.D. Va. 2006), since 1939; and The News (also known as The News International), an English-language newspaper, since 1991. The Jang Group also launched GEO TV, Pakistan's first 24-hour satellite television channel, in 2002.

On November 20, 2013, Axact (Private) Limited, a Pakistani company, filed applications for United States trademark registrations for the JANG (serial no. 86123767) and THE NEWS (serial no. 86123789). On

---

twitter.com/AAGTVCHANNEL,
twitter.com/geokahani,
twitter.com/Jang_Akhbar, and
twitter.com/the news_intl.

[6] Facts regarding the Jang Group are taken from its verified Complaint against Axact (Private) Limited, filed in the Pakistani High Court of Sindh at Karachi on December 20, 2013. *See* Def.'s Ex. 3 (Dkt. # 10-4); *see also Alt. Energy Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (On a motion to dismiss, the court may consider "documents the authenticity of which are not disputed by the parties; [] official public records; [] documents central to plaintiffs' claim; or [] documents sufficiently referred to in the complaint.") (citations omitted).

the same date, Axact also filed an application for a United Kingdom trademark for the GEO (no. UK00003031447).[7] On December 9 and 10 of 2013, Ahmed filed four trademark infringement suits in this District against certain internet and media service providers and various John Does for carrying and/or displaying assorted Jang Group media content.[8]

On December 20, 2013, the Jang Group lodged a verified complaint against Axact in the Pakistani High Court for infringement of the three asserted trademarks – the JANG, the GEO, and THE NEWS INTERNATIONAL. The Jang Group averred that it has continuously used the JANG in connection with its publication of the Daily Jang newspaper since 1939-1940; that it has continuously used THE NEWS in connection with its publication of The News International newspaper since 1991; that it has continuously used the GEO in connection with its satellite television stations since 2002; and that all three marks are duly registered with the Pakistani Trade Marks Registry. *See* Def.'s Exs. 5-6 (Dkt. #s 10-6 & 10-5), & 20 (Dkt. # 10-21) at 10-11, Pakistani trademark registrations for the

---

[7] The Jang Group obtained United States Trademark Registrations for two version of the GEO in April of 2013.

[8] *See Ahmed v. Hosting.com*, No.13-13117-WGY; *Ahmed v. Google, Inc.*, No. 13-13129-RWZ; *Ahmed v. Apple, Inc.*, No. 13-cv-13130-RWZ; and *Ahmed v. British Sky Broadcasting Ltd.*, No. 13-13140-NMG.

JANG, the GEO, and THE NEWS. The Jang Group alleged that Axact misappropriated the three marks by filing for registrations for these marks in the United Kingdom, the United States, and Canada.

On December 21, 2013, the Pakistani High Court issued an injunction against Axact,

> restrain[ing it] from any attempts at subverting the [Jang Group']s recognized rights over the trademarks / service marks JANG, THE NEWS, and GEO and from using / infringing / imitating / counterfeiting the [Jang Group]'s well-known and registered trademarks / service marks JANG, THE NEWS & GEO including their copyrighted artistic work, logos and calligraphy . . . .

Def.'s Ex. 4 (Dkt. # 10-5). On January 1, 2014, Axact executed and recorded assignment agreements with the United States Patent and Trademark Office, transferring its rights in the applications for the JANG and THE NEWS to Ahmed.[9]

On January 7, 2014, Ahmed filed three additional trademark infringement suits, of which this is one.[10] Defendant Twitter moves to dismiss the Complaint for lack of standing, lack of subject matter

---

[9] Ahmed denies any connection to the Pakistani litigation. Pl.'s Opp'n at 4. The court notes that the correspondence e-mail address for the trademark applications remained the same after Axact's assignment to Ahmed.

[10] *See also Ahmed v. Dish Network*, No. 14-cv-10024-GAO; and *Ahmed v. Facebook, Inc.*, 14-10026-WGY.

jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Ahmed submitted a more definite statement in support of his Complaint on April 28, 2014.

DISCUSSION

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations of the complaint must "possess enough heft" to set forth "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 559 (2007); *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008). As the Supreme Court has emphasized, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

To establish a claim for trademark infringement, a plaintiff must allege that: "(1) [he] owns and uses the [asserted] marks; (2) [defendant] used the same or similar marks without [plaintiff's] permission; and (3) [defendant's] use of the [asserted] marks likely confused [] consumers,

thereby causing [plaintiff] harm (e.g., lost sales)." *Venture Tape Corp. v. McGills Glass Warehouse*, 540 F.3d 56, 60 (1st Cir. 2008). Ahmed has failed to plead sufficient facts for the court to plausibly conclude that he owns and uses the asserted marks in the United States or that he has been harmed by defendants' allegedly unauthorized use of the marks.

In his Complaint, Ahmed alleges that he is both the common-law and statutory licensee of the asserted marks. In his More Definite Statement, he asserts that he is also the owner of the U.S. and U.K. trademark applications.[11] Even assuming that these application will ultimately mature into trademark registrations, "[t]he registration of [a mark] does not create any substantive rights in the registrant."[12] *Armstrong Paint & Varnish Works v. Nu-Enamel Corp.*, 305 U.S. 315, 322 (1938). Rather,

> the right to a particular mark grows out of its use, not its mere adoption; its function is simply to designate the goods as the product of a particular trader and to protect his good will against the sale of another's product as his; and it is not the

[11] As of the date of this opinion, the United Kingdom Intellectual Property Office's online records indicate that Axact is the owner of record of the GEO application. Ahmed has not offered any documentation reflecting the transfer of rights in this application to him personally.

[12] Registration of a trademark gives the registrant the procedural right to invoke federal question jurisdiction and seek statutory remedies. *Dwinell-Wright Co. v. Nat'l Fruit Prod. Co.*, 129 F.2d 848, 851 (1st Cir. 1942).

> subject of property except in connection with an existing business.

*United Drug Co. v. Theodore Rectanus Co.*, 248 U.S. 90, 97 (1918).

Ahmed claims that he has used the asserted marks since 1998 "in connection with news publication; broadcasting; telecommunications; news; entertainment; live shows; comedy." Pl.'s More Definite Statement, dkt. # 19 at 2-3. However, this "formulaic recitation" is "devoid of [] factual enhancement." Ahmed does not name any newspapers, broadcast channels or shows that he owns or produces. As his sole example of use of the marks, he directs the court to the www.techoutreach.com website.[13] However, this internet address is a parked domain (where someone has registered an address without providing any content). Whether or not Ahmed has used the asserted marks in the past,[14] the lack of current use is fatal to his trademark infringement claim. *See Swartz v. Schering-Plough Corp.*, 53 F. Supp. 2d 95, 101 (D. Mass. 1999) ("Without a relationship to an existing product, [plaintiff] has no protected trademark in [the asserted

---

[13] Specifically,

www.techoutreach.com/jang,
www.geo.techoutreach.com, and
www.techoutreach.com/the_news_international.

[14] Ahmed submits purported screen captures of the website. These are indecipherable and undated.

mark].”); *see also id.* at 102 (noting that “the fact that [plaintiff] recently filed for a trademark does not establish use.”).

Ahmed’s allegation of harm also fails for the same reason. Ahmed pleads that he “has suffered heavy losses due to confusion among [his] customers” and that “the infringements are causing saturation of [his] logo and brand [] thus causing irreparable loss to the brand and identity of [his] business.” Compl. ¶¶ 23 & 34. These, too, are “naked assertions.” Ahmed has not identified what his business is, who his customers are, much less how they might be confused by the use of the marks on the accused Twitter pages, or how that confusion might harm his business.

ORDER

Twitter’s motion to dismiss the Complaint is ALLOWED with prejudice. The Clerk is directed to close this case. The court further ORDERS that no further Complaints filed by Ahmed concerning this or any related subject matter be docketed without the court’s prior permission.

SO ORDERED.

/s/ Richard G. Stearns
____________________________
UNITED STATES DISTRICT JUDGE